Mark Hanna
DAVIS, COWELL & BOWE, LLP
1701 K St. NW, Suite 210
Washington, DC 20006
Tel. (202) 223-2620
Fax (202) 223-8651

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES of the UFCW LOCAL 1262 AND EMPLOYERS PENSION FUND; TRUSTEES of the UFCW LOCAL 1262 AND EMPLOYERS HEALTH AND WELFARE FUND; and TRUSTEES of the UFCW LOCAL 1262 AND EMPLOYERS LEGAL SERVICES FUND,<br><br>Plaintiffs,<br><br>v.<br><br>JGS FOODS, LLC, a/k/a J.G.S. SUPERMARKET CORP. and RJC FOODS, LLC, t/a KEY FOOD MARKETPLACE,<br><br>Defendants. | Case No.: 08 CIV 6497 LAP<br>**ECF CASE**<br>COMPLAINT FOR UNPAID CONTRIBUTIONS, INTEREST AND LIQUIDATED DAMAGES AND ENFORCEMENT OF PLAN TERMS |

COME NOW the Trustees of the UFCW LOCAL 1262 AND EMPLOYERS PENSION FUND ("the Pension Fund"), the Trustees of the UFCW LOCAL 1262 AND EMPLOYERS HEALTH AND WELFARE FUND ("the Health and Welfare Fund"), and the Trustees of the UFCW LOCAL 1262 AND EMPLOYERS LEGAL SERVICES FUND ("the Legal Services Fund"), and on behalf of the Funds complain as follows:

## PARTIES

1.  The Pension Fund is a joint labor-management-sponsored trust fund authorized by the Labor Management Relations Act, 29 U.S.C. §186(b)(5), established to provide pension benefits to employees and their families, commonly known as a "Taft-Hartley Fund," as well as a multiemployer employee pension benefit fund within the meaning of Sections 3(2)(A) and 37(A) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 *et seq.*, that provides a program of pension benefits for its participants and beneficiaries. The Pension Fund is self-insured, paying benefits out of employer contributions made under collective-bargaining agreements with UFCW Local 1262 and any investment income generated by those contributions.

2.  The Health and Welfare Fund is a joint labor-management-sponsored trust fund authorized by the Labor Management Relations Act, 29 U.S.C. §186(b)(5), established to provide health and welfare benefits to employees and their families, commonly known as a "Taft-Hartley Fund," as well as an employee welfare benefit Fund within the meaning of Section 3(1) of ERISA, that provides a program of health benefits for its participants and beneficiaries. The Health and Welfare Fund is funded through employer contributions made under collective-bargaining agreements with UFCW Local 1262. The Health and Welfare Fund is self-insured, paying benefits out of employer contributions made under collective-bargaining agreements with UFCW Local 1262 and any investment income generated by those contributions.

3. The Legal Services Fund is a joint labor-management-sponsored trust fund authorized by the Labor Management Relations Act, 29 U.S.C. §186(b)(8), established to provide legal service benefits to employees and their families, commonly known as a "Taft-Hartley Fund," as well as an employee welfare benefit Fund within the meaning of Section 3(1) of ERISA, that provides a program of prepaid legal service benefits for its participants and beneficiaries. The Legal Services Fund is self-insured, paying benefits out of employer contributions made under collective-bargaining agreements with UFCW Local 1262 and any investment income generated by those contributions.

4. Each Fund is administered by a Board of Trustees, four of whom represent UFCW Local 1262, and four of whom represent contributing employers. Plaintiffs are the respective Boards of Trustees of each of the Funds, and they bring this lawsuit to collect unpaid and late-paid contributions, interest and liquidated damages and to enforce terms of the plans in that capacity and on behalf of their respective Funds.

5. Defendant J.G.S. FOODS, LLC, a/k/a J.G.S. SUPERMARKET CORP., is an employer within the meaning of Section 5 of ERISA and Section 2(2) of the LMRA, and an owner and operator of a retail grocery business in New York under the trade name KEY FOOD MARKETPLACE. Defendant is a party to a collective bargaining agreement with UFCW Local 1262, the terms of which obligate Defendant to make timely payments of contributions to each of the Funds.

6. Defendant R.J.C. FOODS, LLC is an employer within the meaning of

Section 5 of ERISA and Section 2(2) of the LMRA, and an owner and operator of a retail grocery business in New York under the trade name KEY FOOD MARKETPLACE. Defendant is a party to a collective bargaining agreement with UFCW Local 1262, the terms of which obligate Defendant to make timely payments of contributions to each of the Funds.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiffs' claims pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. §185 and Section 502(e) of ERISA, 29 U.S.C. §1132(e), and/or 28 U.S.C. §1332.

8. Venue is proper in this District pursuant to 29 U.S.C. §185, 29 U.S.C. §1132(e)(2) and/or 28 U.S.C. §1391(b) in that Defendants operate their retail grocery business and incurred their obligations to Plaintiffs in this District.

## FACTS

9. At all relevant times, UFCW Local 1262 was and is the certified collective bargaining representative for certain employees of Defendants, and each of them, employed at their retail grocery stores located in Cornwall, New York and Highland, New York.

10. At all relevant times, Defendants, and each of them, were parties to a collective bargaining agreement with UFCW Local 1262 that governed the terms and

conditions of employment of certain employees employed at Defendants' retail grocery stores.

11. The terms of the collective bargaining agreement bind Defendants, and each of them, to the terms and provisions of the respective Trust Agreements establishing and maintaining each of the Funds.

12. The terms of the collective bargaining agreement and the Trust Agreement require Defendants, and each of them, to timely pay contributions to the Funds, and each of them, for each and every eligible employee in the bargaining unit as determined under the terms of the collective bargaining agreement and the Trust Agreements.

13. The terms of the collective bargaining agreement and the Trust Agreement require Defendants, and each of them, to provide certain information to the Funds to ensure proper accounting of contributions and crediting of service for purposes of pension, health and welfare and legal services benefits.

14. The terms of the Trust Agreements make Defendants, and each of them, liable for interest and liquidated damages on unpaid and late paid contributions.

## FIRST CAUSE OF ACTION
### Unpaid Contributions

15. Plaintiffs the Funds incorporate the allegations of Paragraphs 1 through 14, inclusive, as though set forth herein in full.

16. The collective bargaining agreement and the Trust Agreements require Defendants, and each of them, to make timely payments of contributions to each of the

Funds for each employee covered by the collective bargaining agreement with UFCW Local 1262, in the manner specified in the collective bargaining agreement and the Trust Agreements.

17. Defendants, and each of them, breached the terms of the collective bargaining agreement and the Trust Agreements, by failing to timely pay contributions that are owed to each of the Funds.

18. The Funds, through their administrator, have made repeated and reasonable efforts to collect the unpaid contributions, all of which efforts Defendants have unreasonably and without justification ignored and rebuffed.

19. Pursuant to the provisions of the Trust Agreements and the collective bargaining agreements, Defendants, and each of them, are required to pay liquidated damages and interest on unpaid contributions, plus attorneys' fees and costs incurred by the Funds in collecting the unpaid contributions.

20. There are now due and owing contributions and interest to each of the Funds in the collective amount of $23,579.96.

21. Plaintiffs the Funds have complied with all conditions precedent in bringing this suit.

WHEREFORE, Plaintiffs the Funds pray for relief as set forth below.

## SECOND CAUSE OF ACTION
### Enforcement of Plan Terms

22. Plaintiffs the Funds incorporate the allegations of Paragraphs 1 through 21,

inclusive, as though set forth herein in full.

23. The collective bargaining agreement and the Trust Agreements require Defendants, and each of them, to provide certain information to the Funds to ensure proper accounting of contributions and crediting of service for purposes of pension, health and welfare and legal services benefits

24. Defendants, and each of them, breached the terms of the collective bargaining agreement and the Trust Agreements, by failing to provide the necessary and required information to ensure proper accounting of the Funds.

25. The Funds, through their administrator, have made repeated and reasonable efforts to obtain such information, all of which efforts Defendants have unreasonably and without justification ignored and rebuffed.

26. Plaintiffs the Funds have complied with all conditions precedent in bringing this suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. An order directing Defendants, jointly and severally, to pay to the Funds all unpaid contributions;

2. An order directing Defendants, jointly and severally, to provide to the Funds the information necessary for proper accounting of contributions and credited service of employees;

3. Interest on such unpaid contributions pursuant to 29 U.S.C. §1132(g)(2)(B);

4. The greater of interest or liquidated damages on such unpaid contributions pursuant to 29 U.S.C. §1132(g)(2)(C);

5. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1); and

6. Such other and proper relief that the Court deems appropriate.

Dated: July 18, 2008

DAVIS, COWELL & BOWE, LLP

By _____
Mark Hanna
Attorneys for Plaintiffs